## James O'Leary v. The People, etc.

1. GAMBLING—*Proof Necessary Under Sec. 137 e, Ch. 38, R. S.*—The statute entitled " An act to prohibit book-making and pool-selling," in force from July 1, 1887 (Sec. 137 e, Ch. 38, entitled " Criminal Code," Hurd's Rev. Stat., Ed. of 1899), specifically sets forth acts which constitute book-making and pool-selling, and prohibits and makes punishable the doing of them, and there is no occasion for proving anything more than the doing of the acts specified in the statute.

2. PUNCTUATION—*Effect of Errors in.*—An error in punctuation should not be allowed to prevail over the true meaning of a sentence or paragraph.

**Indictment,** for keeping a gaming house. Error to the Criminal Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed April 4, 1900.

EDWARD H. MORRIS, attorney for plaintiff in error.

C. S. DENEEN, State's Attorney, and A. C. BARNES, Assistant State's Attorney, for the defendant in error.

MR. JUSTICE SHEPARD delivered the opinion of the court.

Plaintiff in error was convicted of the offense of keeping a common gaming house, and fined $250. The trial was had before the court, without a jury, under the second count of the indictment and upon stipulated facts—no witnesses being heard.

Omitting the purely formal parts of the second count, it charged that plaintiff in error unlawfully kept " a common gaming house in a certain building by him then and there used and occupied, the said building being situated at and known as Harlem Jockey Club in the town of Proviso, in said county of Cook; and in said gaming house, in said building, so used and occupied by the said James O'Leary, did permit certain persons, whose names are to the said grand jury unknown, to frequent and to come together to play for money at the game of selling pools and the game of

book-making, and did then and there keep, and suffer to be kept, certain tables and other apparatus, for the purpose of playing for money at the game of selling pools and the game of book-making, contrary to the statute."

The entire stipulation of facts—there was no other evidence—was as follows :

" It is hereby stipulated and agreed between the parties to the above entitled cause, the defendant herein having waived the right of trial by jury and submitted his case for trial before the court, that the defendant, James O'Leary, on the 29th day of July, A. D. 1898, in a certain building then and there situated on a certain race track (said track being a large lot or piece of ground inclosed by a fence upon which were a number of buildings and sheds and a race course), then known as the Harlem Jockey Club, which said building was then and there situated in the town of Proviso, in the county of Cook and State of Illinois, did sell certain tickets and make books upon the result of horse races then being run on said Harlem Jockey Club race track, and did receive and accept from one Charles Wood the sum of two dollars, and from various other persons divers sums of money as wagers upon the result of such horse races; that upon said race track was a long shed known as a betting ring, and that such shed contained many booths, and the defendant, James O'Leary, occupied one of such booths and accepted wagers as aforesaid; that such wagers were conducted as follows, to wit: The person making a bet that a certain horse would win, handed to the defendant a sum of money wagered by him upon such horse, and the defendant delivered back to such person a ticket bearing a certain number, and then the defendant called off to a clerk in said booth such number, the name of the horse and the amount so wagered, and the amount or odds placed against it by defendant; that thereupon such clerk registered or wrote down on a sheet of paper the information so given and at the close of the race, when the horse so wagered on, won the race, defendant paid to the party so wagering with him the amount of money such party had placed with defendant, together with the amount or odds staked by defendant against it, and when the horse did not win, the defendant kept all the money."

It will be observed that the offense charged was the keeping of a gambling house in a certain building, " the said build-

ing being situate at and known as Harlem Jockey Club in the town of Proviso," etc.

Plaintiff in error concedes, in argument, that under a general count charging the keeping of a gaming house, evidence would be admissible showing the keeping of such a house anywhere in the county, but contends that if the count specifies the building in which the gaming house is kept, the charge as laid must be proved, and we agree to the correctness of his proposition, as a general one.

The stipulated facts take the place of witnesses, and must be read as if testified to and not contradicted. What, then, is the reasonable construction or meaning of the language employed in the stipulation, viz.:

" In a certain building then and there situated on a certain race track (describing the track) then known as the Harlem Jockey Club, which said building was then and there situated in the town of Proviso," etc.

All that is said about the race track, and the location of the building with reference to it, is purely parenthetical, and the misplacing of the parenthesis or brackets is no more effectual to alter the true meaning of the sentence than would be the misplacing or omission of commas or dashes which are frequently employed for the same purpose as brackets. (Century Dictionary—Parenthesis).

An error in punctuation should not be allowed to prevail over the true meaning of a sentence or paragraph.

We regard the proof as sustaining the allegation.

The next point made is, that because the indictment charged that plaintiff in error kept a gaming house for the purpose of permitting persons " to frequent and to come together to play for money at the game of selling pools and the game of book-making," proof of what constitutes such games was required.

The statute entitled " An act to prohibit book-making and pool-selling," in force from July 1, 1887 (Sec. 137 e, Ch. 38, entitled " Criminal Code," Hurd's Rev. Stat., Ed. of 1899), specifically sets forth acts which constitute book-making and pool-selling, and prohibits and makes punishable the doing of them, and the stipulated facts show, clearly,

the doing by plaintiff in error of such prohibited acts.    We see no occasion to prove anything more than the doing of the acts specified in the statute.

The judgment of the Criminal Court is affirmed.